IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL STANLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:22-cv-1 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| ERIC TICE and PENNSYLVANIA | ) | |
| BOARD OF PROBATION AND PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 1) filed by state prisoner Michael Stanley ("Petitioner") challenging the decision by the Pennsylvania Board of Probation and Parole ("Board") to deny him parole. For the reasons set forth below, the Court will deny the Petition and deny a certificate of appealability.

**I.      Background**

In 2006, Petitioner appeared before the Court of Common Pleas of Wayne County ("trial court") and entered pleas of guilty to two counts of Involuntary Deviate Sexual Intercourse With a Child. The trial court sentenced Petitioner to an aggregate period of not less than 16 years to no more than 32 years of incarceration.[2] It also classified Petitioner as a Sexually Violent Predator.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Pennsylvania's statutory sentencing scheme is indeterminate, meaning that a court will impose a sentence with two numbers, which represent the minimum and maximum period of incarceration. The minimum term is the earliest date that the defendant will be eligible for discretionary parole release and the maximum term is the date on which the defendant may be released from confinement or parole supervision.

Petitioner's minimum sentence date expired on July 15, 2021 and his maximum sentence will expire on July 15, 2037. (Resp's Ex. 3, ECF 7-1 at pp. 12-13.)

The Pennsylvania Department of Corrections houses Petitioner at SCI Somerset, which is located within the territorial boundaries of this Court. Last year, the Board denied Petitioner parole. In its decision, which is dated November 23, 2021, the Board explained:

> The reasons for the Board's decision include the following:
>
> Your institutional behavior, including reported misconducts.
>
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> Your failure to develop a parole release plan.
>
> - - -
>
> Lack of insight into your deviancy.

(Resp's Ex. 4, ECF 7-1 at pp. 16-17.)[3]

In his Petition for a Writ of Habeas Corpus (ECF 1), which he filed with this Court on or around December 16, 2021, Petitioner claims that the Board's decision to deny him parole was arbitrary and capricious and thus violated his substantive due process rights. As relief, Petitioner seeks an order from this Court directing that the Board release him to parole or at least immediately reconsider him for parole. Respondents filed their Answer (ECF 7) on March 3, 2022. Petitioner

---

[3] The Board advised Petitioner that he would be reviewed for parole again in or after November 2023. (Resp's Ex. 4, ECF 7-1 at p. 16.)

did not file a Reply. LCvR 2241(D)(2) ("Although not required, the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

## II.   Discussion

### A.   Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, which is the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *Id.*; *see, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

### B.   Exhaustion

State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In 2005, in *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Thus, it held, a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement with respect to all other types of constitutional claims. *Id.* The continuing validity of *Defoy* has been called into question, *see, e.g.*, *Spada v. Johnson*, No. 1:21-cv-158, 2021 WL 3572824, at *3 (W.D. Pa. June 24, 2021), report and recommendation adopted, 2021 WL 3563374 (W.D. Pa. Aug. 12, 2021), and Respondents contend that Petitioner's claim should be denied because he failed to exhaust it. However, because Petitioner's claim clearly has

no merit and it is more efficient for the Court to deny his claim for that reason, the Court will not address the exhaustion issue. *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) (a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits").

### C. Petitioner's Claim Has No Merit

Petitioner has no right to parole under state law. *See, e.g.*, *Hudson v. Pennsylvania Bd. of Prob. and Parole*, 204 A.3d 392, 395 (Pa. 2019). Whether to grant him parole is a decision left to the sole discretion of the Board. 61 PA. CONS. STAT. ANN. §§ 6135, 6137; *see, e.g.*, *Homa v. Pennsylvania Bd. of Prob. and Parole*, 192 A.3d 329, 334 (Pa. Commw. Ct. 2018). In exercising its discretion, the Board must consider factors such as the nature and circumstances of the offenses Petitioner committed, his general character and background, his conduct while in prison, his physical, mental, and behavioral condition, and his complete criminal record. *Id.*, § 6135(a). The reasons listed by the Board in its November 23, 2021 decision reflect that it considered those factors. Petitioner claims, however, that the Board's decision violated his substantive due process rights because it was arbitrary and capricious.

The Fourteenth Amendment's Due Process Clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (internal quotation and citations omitted); *see also Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980) ("Even if a state statute does not give rise to a liberty interest in parole release…, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."). "Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious

4

official conduct." *Id.* (internal quotations and citations omitted); *see also Hunterson v. DiSabato*, 308 F.3d 236, 248 (3d Cir. 2002) ("when an executive action is at issue, only the most egregious conduct will be considered arbitrary in the constitutional sense."). "As a general matter, it is governmental conduct intended to injure that is most likely to rise to the conscience-shocking level." *Evans v. Sec'y Pennsylvania Dept. of Corr.*, 645 F.3d 650, 660 (3d Cir. 2011) (internal citations and quotations omitted).

The Court of Appeals has explained that it would be arbitrary and capricious for the Board to base its decision on a reason that has no "rational relationship to the purpose of parole[,]" such as the "color of one's eyes, the school one attended, or the style of one's clothing." *Block*, 631 F.2d at 236 n.2. It has further held that it "would violate due process if [a parole board] bases a decision on constitutionally impermissible criteria such as race, religion, or the exercise of free speech rights." *Id.* at 237; *see also Newman*, 617 F.3d at 784.

Petitioner has not met his burden of proving that the Board's decision denying him parole was arbitrary and capricious. The Court is not evaluating whether the Board made the correct decision, and it is "not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001). Although Petitioner disagrees with the Board's assessment of him, he has not made any factual allegations that the Board relied on anything that can be described as "conscience shocking." Accordingly, there can be no finding that Petitioner is in custody in violation of his substantive due process rights.

Based on the above, the Court will deny the Petition. Because jurists of reason would not find the Court's conclusion debatable or wrong, it will deny a certificate of appealability.[4]

An appropriate Order follows.


Date:  June 2, 2022 /s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[4] A state prisoner may not appeal a district court's order denying habeas relief "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying those standards here, jurists of reason would not find it debatable whether Petitioner's substantive due process claim should be denied for the reasons given herein.