IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL STANLEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:22-cv-1 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| ERIC TICE and PENNSYLVANIA ) | |
| BOARD OF PROBATION AND PAROLE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion (ECF 12) filed by state prisoner Michael Stanley which this Court has construed as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b). For the reasons set forth below, the motion is denied.

**I.      Relevant Background**

In December 2021, Stanley, a state prisoner housed at SCI Somerset, filed with this Court a Petition for a Writ of Habeas Corpus (ECF 1), challenging the decision by the Pennsylvania Board of Probation and Parole to deny him parole. Respondents filed their Answer (ECF 7) on March 3, 2022. Stanley's Reply was due on or around April 3, 2022. LCvR 2241(D)(2) ("Although not required, the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response."). Stanley did not file a Reply or request an extension to do so.

On June 2, 2022, the Court issued a Memorandum Opinion (ECF 10) explaining that Stanley did not meet his burden of proving that the Board's decision denying him parole violated

his federal constitutional rights. On that same date, the Court issued a final judgment order (ECF 11) that denied the Petition, denied a certification of appealability and closed this case.[1]

Pending before the Court is Stanley's "Motion for Extension of Time and/or Notice of Appeal" (ECF 12), which the Court has construed as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b) because he seeks an order from this Court that "rescind[s] its order dated June 2nd, 2022, dismissing his habeas petition and allow[s] him twenty-one (21) days to file a response to the Respondents' Answer."[2] (*Id.* at p. 3.) In support, Stanley asserts that because of the COVID-19 restrictions in place at SCI Somerset "it is not easy to get to the law library in order to do legal research, typing, copying, etc." (*Id.* at p. 2.) He also suggests that his delayed access to the law library and his *pro se* status contributed to his failure to file a Reply.

**II.    Discussion**

"Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). "Rule 60(b) provides six bases for reconsideration, including 'mistake, inadvertence, surprise, or excusable neglect[.]'" *Id.* "In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error." *Id.* (internal quotation and citation omitted.) "[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Petitioner's motion was docketed by the Clerk of Court on June 24, 2022, which is within the period to move to alter or amend a judgment under that Rule. "A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c).

the time for appeal" in recognition of "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011).

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. It is not to be used to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. The Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted)[.]

*Blystone*, 664 F.3d at 415 (first bracketed text added by the court of appeals).

Stanley does not assert any intervening change in the controlling law, the availability of new evidence, or a need to correct a "clear error of law or fact." Moreover, none of the circumstances he discusses in his motion establish the requisite need to prevent a "manifest injustice" that would justify reconsideration of the decision the Court issued in this case. Thus, Stanley is not entitled to the relief he seeks under Rule 59(e).

As for Rule 60(b), a motion brought under this Rule "may not be used as a substitute for an appeal, and…legal error, without more does not warrant relief under that provision[.]" *Fiorelli*, 337 F.3d at 288 (internal quotation and citation omitted). As with Rule 59(e), the standard for obtaining relief under Rule 60(b) is difficult for a party to meet. It allows a party to seek relief from a final judgment under the following limited set of circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. A movant seeking relief under Rule 60(b)(6) must "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotations and citations omitted). "Such circumstances will rarely occur in the habeas context." *Id.*

None of the grounds permitting reconsideration under Rule 60(b) apply here. Stanley could have moved for an extension if he wanted to file a reply and was unable to do so by the due date. He does not explain why he did not do so. In any event, now that the Court has issued its final judgment order denying the Petition, the mere fact that he may have wanted to but did not file a reply does not qualify as a ground under Rule 60(b) by which this Court may reopen this case.

Based on the above, the Court will deny Stanley's Motion (ECF 12). To the extent a certificate of appealability is required, it is denied because reasonable jurists would not find the Court's disposition of the Motion debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Date:  July 13, 2022               /s/ Patricia L. Dodge
                                    PATRICIA L. DODGE
                                    United States Magistrate Judge